**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO. 1:09-CR-184-JEC |
| OTHA BARNES, | : | |
| Defendant. | : | |

**MOTION TO SUPPRESS EVIDENCE ILLEGALLY OBTAINED BY STATE**

COMES NOW, the Defendant, Otha Barnes, in the above-styled action and moves this Court to suppress the voice analysis obtained as evidence by the State for use against the Defendant in the instant case, because such voice analysis was obtained in violation of the Defendant's rights under Amendments 4, 5 and 6 of the U.S. Constitution; and in violation of O.C.G.A. Section 17-4-20 in that the defendant was asked by officers of the government, to call home on a telephone without knowledge that the officers intent was to record the defendant's voice for the purpose of voice analysis. Said voice recording and subsequent analysis was made without the knowledge or consent of the defendant, in violation of his constitutional rights. Said voice analysis were made incident to an unlawful warrantless arrest without probable cause for an alleged crime not committed in the presence of the arresting officer (*Harper v. State,* 135 Ga. App. 924, 219 S.E. 2d 636); and bases this motion also on O.C.G.A. Section 17-5-30(a)(10 and (a)(2)). The arrest, arrest warrant, search warrant, search, and seizure, voice recording and voice analysis, as may exist were all illegal due to non-compliance of law enforcement personnel with O.C.G.A. Sections 35-8-8-, 25-8-9, and 35-8-17.

Further, the voice recording was obtained following, the aforesaid warrantless search and arrest which was made subsequent to the completion of a routine traffic stop in which the Defendant was issued a warning and returned his personal items and was dismissed from the presence of the officer. The officer

thereafter, having no probable cause to initiate a second stop, began an illegal search of the defendant's vehicle which ultimately resulted in the confiscation of the alleged contraband.  Defendant had no knowledge of the contraband found within the trailer attached to the tractor he was operating as a hired driver.  Defendant had neither loaded nor inspected the load prior to transport.

Further, the voice analysis obtained by the officers seeking said warrant, was procured by intentionally deceiving the defendant and/or recklessly making false statements and misleading the defendant to believe he was making a simple phone call, when in fact, the government was using the phone call as an illegal tactic to obtain a voice recording for later analysis, without the defendant's knowledge or consent.  That the representations as made seek to characterize the Defendant in a manner that is untruthful and that if these misrepresentations were not made the warrant would not have issued. (*United States v. Clasheru* 678 F.2d 1353 (1982), *Frnaks v. Delaware* 428 U.S. 154 (1978); *U.S. v. DiCasare* 765 F.2d 890 (1985).

This 1st day of October, 2009.

                                                Respectfully submitted,

                                                /ss/
                                          _____
                                          Alexander J. Repasky
                                          Attorney for Defendant
                                          Georgia Bar No. 601050

4880 Lower Roswell Road
Suite 165
Marietta, Georgia  30068
(770) 912-4016